UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shaneka Sharday Flournoy, ) | C/A No. 7:12-3267-TMC-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| S.C. Department of Employment and ) | |
| Workforce, Office of General Counsel; ) | |
| Exel, Inc., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Shaneka Sharday Flournoy ("Plaintiff"), proceeding *pro se*, brings this civil action based on alleged employment discrimination and wrongful denial of unemployment insurance benefits. Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. The Complaint is subject to summary dismissal.

## Background

Plaintiff brings suit against Exel, Inc., in Westminster, Colorado, and the Office of General Counsel of the South Carolina Department of Employment and Workforce ("DEW") in Columbia, South Carolina. Compl. 1–2. It appears that Plaintiff was employed by Exel, Inc., as a janitor from January 13, 2012, until the unspecified date her employment ended. Attach. 1-1 at 1. She alleges that Exel, Inc., acting through the Operation Manager Jerry Walker, discriminated against her based on race, and she has evidence of repetitive disciplinary actions and derogatory remarks that prove racial discrimination. Compl. 3; Attach 1-1 at 4. It appears that Plaintiff filed a charge of discrimination with the EEOC

against Exel, Inc., on October 29, 2012. Compl. 3; Attach 1-1 at 1. Further, Plaintiff seems to allege she filed an application for unemployment insurance benefits with DEW, but it disqualified her for twenty weeks with a decrease in pay. Compl. 3; Attach 1-1 at 6–7. She alleges that she appealed the DEW unfavorable decision to the appeals tribunals and appellate panels, requested a reconsideration, and completed paperwork required by DEW; however, the result remained a denial of unemployment insurance benefits. Compl. 3–4; Attach 1-1 at 8–11. Plaintiff seeks damages, and she seeks to be compensated for the twenty weeks of wrongfully denied maximum unemployment insurance benefits. Compl. 5. She alleges that Exel, Inc., violated federal law by racially discriminating against her, and DEW "is just as guilty as my employer because they knew of my charge and still denied me benefits." *Id.* She alleges that because each defendant has more than 500 employees they are both employers that should compensate her for the violation of her rights. *Id.*

This court propounded special interrogatories to Plaintiff on November 27, 2012, to request more information related to her October 29, 2012, charge of employment discrimination filed against Exel, Inc., with the EEOC. Order, ECF No. 9. Plaintiff answered the special interrogatories, and she stated that the EEOC has not rendered an answer or response, or given her a "right to sue" letter with regard to her October 29, 2012, discrimination charge because it is still pending. Answer, ECF No. 12. Further, she stated that the EEOC "approved me a charge of discrimination" because they did not dismiss the charge but instead sent it to mediation. *Id.*

## Standard of Review

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

Plaintiff alleges that Exel, Inc., employed her from January 13, 2012, until an unspecified date. It is clear that Plaintiff does not allege that DEW was her actual

3

employer, and, thus, she cannot sue DEW for employment discrimination. *See Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999) (finding that Title VII does not provide a remedy against an entity who does not come within the definition of employer); *Singleton v. Greenville Hous. Auth.*, C/A No. 6:09-2104-JMC-KFM, 2010 WL 6065085, at *4–5 (D.S.C. Sept. 21, 2010) (explaining only an "employer" of an "employee" can be liable for discrimination under Title VII), *adopted by*, 2011 WL 883669, at *2 (D.S.C. March 11, 2011). Instead, Plaintiff appears to bring suit against DEW alleging a wrongful denial of her claim for unemployment insurance benefits. She requests this court to order DEW to pay the twenty weeks of maximum unemployment insurance benefits, and she seeks damages from DEW. However, because DEW is an agency of South Carolina, and thus is an arm of the state, it has immunity from a suit for damages in this court.

"[W]e have understood the Eleventh Amendment to confirm the structural understanding that States entered the Union with their sovereign immunity intact...." *Virginia Office for Prot. & Advocacy v. Stewart*, 131 S. Ct. 1632, 1637–38 (2011). "A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." *Id.* (citations omitted). The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." *Id.*, at 1637 n.1. The Supreme Court has construed the Eleventh Amendment "'to establish that an unconsenting State is immune from suits brought in federal courts by her

own citizens as well as by citizens of another State.'" *Lee-Thomas v. Prince George's Cnty. Pub. Sch.*, 666 F.3 244, 248 (4th Cir. 2012) (citation omitted). South Carolina has not expressly consented to suit in a federal district court. *See* S.C. Code Ann. § 15-78-20(e) (1976) (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state). Accordingly, the defendant South Carolina Department of Employment and Workforce should be dismissed based on Eleventh Amendment immunity.[1]

Moreover, Plaintiff's lawsuit against Exel, Inc. is based upon an alleged violation of federal employment law, and Exel, Inc. should be dismissed because it appears that Plaintiff has not yet exhausted her administrative remedies. Title VII prohibits an employer from discriminating against an individual because of the individual's race, color, religion, sex, or national origin. *See Gerner v. Cnty. of Chesterfield,* 674 F.3d 264, 266 (4th Cir. 2012); 42 U.S.C. § 2000e-2(a)(1). However, a Title VII claimant must first exhaust administrative remedies before filing a claim in federal court. *Sloop v. Mem'l Mission Hosp., Inc.,* 198 F.3d 147, 148 (4th Cir. 1999). A federal court can assume jurisdiction over a Title VII claim only after the claimant has complied with the various administrative procedures set forth in 42 U.S.C. § 2000e-5(b). *Davis v. North Carolina Dep't of Corr.*, 48 F.3d 134, 136–37 (4th Cir. 1995). These procedures "include an investigation of the complaint and a determination by the [Equal Employment Opportunity Commission

---

[1] If DEW had been an "employer" of Plaintiff, and she had sued it under Title VII, Eleventh Amendment immunity would not prohibit such an action. *See Couram v. South Carolina Dep't of Motor Vehicles*, C/A No. 3:10-001-MJP-PJG, 2010 WL 6065084, at *2 n.3 (D.S.C. Nov. 12, 2010), *adopted by,* 2011 WL 891298 (D.S.C. March 10, 2011).

(EEOC)] as to whether 'reasonable cause' exists to believe that the charge of discrimination is true." *Id.* at 137. EEOC must then decide whether it will bring a claim in federal court or if it will issue a "right-to-sue" letter, "which letter is *essential* to initiation of a private Title VII suit in federal court." *Id.* at 138. A plaintiff's claim with the EEOC "defines the scope of [his] subsequent right to institute a civil suit." *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000). Only claims "reasonably related" to those in the EEOC charge may be advanced in a subsequent civil suit. *Id.* In this case, Plaintiff informed the court that her administrative discrimination charge is pending, and she has yet to receive an answer to her charge. Accordingly, until Plaintiff receives a "right to sue" letter, or entitlement to a "right to sue" letter, this court has no federal question subject matter jurisdiction over Plaintiff's claim against Exel, Inc. *See Jones v. Calvert Group. Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009).

## Recommendation

Accordingly, it is recommended that the District Court dismiss this action *without prejudice* and *without issuance and service of process*. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

s/Jacquelyn D. Austin
United States Magistrate Judge

December 11, 2012
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).